UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARSALIS J. VANN,

        Plaintiff,                   CASE NO: _____

vs.

ESTES EXPRESS LINES, INC., and
JUSTIN JOHNSON, In His Individual
Capacity,

        Defendants.

_____ /

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **MARSALIS J. VANN** by and though the undersigned attorney, files this Complaint and Demand For Jury Trial against Defendant **ESTES EXPRESS LINES, INC.** and Defendant **JUSTIN JOHNSON**, In His Individual Capacity, and as grounds state as follows:

### I.  NATURE OF THIS ACTION

1.     This case is brought to enforce the anti-retaliation provisions of Florida's Workers Compensation Act, Florida Statute §440.20, as amended, the anti-retaliation provisions of Florida's Whistleblower's Protection Act, Florida Statute, §448.102 (3) ("FWPA") and the anti-retaliation provisions of 42. U.S.C., Section 1981, The Civil Right Act of 1866, Equal Rights of Under The Law ("Section 1981").

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

## II. JURISDICTION AND VENUE

2.      This is an action for damages that exceed this honorable Court's jurisdictional monetary threshold amount of $75,000.00, exclusive of attorneys' fees, expert witness fees, expenses, litigation costs and interest.

3.      Pursuant to 28 U.S. Code § 1332, subject matter jurisdiction of this honorable Court is proper because Vann's claims as set forth herein, arise under federal law, specifically The Civil Right of 186, 42 U.S.C. 1981Section 1981.

4.      Estes is recognized as an employer having over fifteen (15) employees within the meaning of Florida's Whistleblower Protection Act, Florida Statute §448.102(3), Coercion of Employees, Florida's Workers Compensation Act, Florida Statute, §440.205 (FWCA), and under the anti-discrimination/retaliation provisions of Section 1981 ("Section 1981).

5.      This honorable Court has supplemental jurisdiction over Vann's FWCA retaliation, and his common law tort claims pursuant to 28 U.S. Code § 1367.

6.      Plaintiff Marsalis Vann ("Vann"-African American) is a resident and citizen of the State of Florida (Duval County); thus, this honorable Court has personal jurisdiction over Vann.

7.      Defendant JUSTIN JOHNSON ("Johnson" - Caucasian) is a resident and citizen of the State of Florida (Duval County); thus, this honorable Court has personal jurisdiction over Johnson.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

8.      Defendant ESTES EXPRESS LINES, INC., ("Estes") is foreign, for profit corporation that is licensed to conduct, transact and engage in business in the State of Florida; thus, this honorable court has diversity/personal jurisdiction over Estes.

9.      Estes' State of Florida Registered Agent according to the public record of the Florida's Department of State, Division of Corporations is: Corporation Service Company, 1201 Hayes Street, Tallahassee, Florida 32301-2607.

10.     Vann timely filed the claims in this honorable Court that are alleged herein, pursuant to statute of limitations for the FWCA and Section 1981.

11.     All administrative conditions precedent to the filing of the claims as alleged herein have been timely filed, met, and performed.

### III.   THE PARTIES

12.     Estes is a full-service freight transportation provider based in Richmond, Virginia.  Estes is recognized as one of the nations' largest trucking companies. Estes currently has about 16,000 employees, more than 6,700 tractors and 30,000 trailers, and a network of 200+ trucking terminals across America.

13.     Johnson (Caucasian) is the Estes Terminal Manager at the Estes trucking terminal located at: 1701 Picketville Road, Jacksonville, Florida 32202.

---

14.     Vann (African American) is a (34) year old male. Vann is a licensed and certified commercial truck driver.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

15.     At all material times and during the acts alleged herein, Vann was employed as a commercial truck driver and janitor/cleaning technician at the Estes trucking terminal located at: 1701 Picketville Road, Jacksonville, Florida 32202.

## IV.  FACTUAL ALLEGATIONS

16.     On or about June 6, 2017, Vann was hired by Estes, to work as a commercial truck driver at its trucking terminal located at: 1701 Picketville Road, Jacksonville, Florida 32202.

17.     On January 2, 2020, Vann was physically injured in the course, scope, line of his employment and while working and performing his work duties as an Estes commercial truck driver.

18.     In particular, on January 2, 2020, Vann's left leg was badly injured when a metal pallet jack and loaded pallets fell on his leg, during the time that he was unloading n Estes's commercial trucks at a local grocery store Naddof Wholesale, 5030 Spring Park Road, Jacksonville, Florida 32207.

19.     After being injured, Vann was taken by ambulance, from the Naddof Wholesale to Memorial Hospital, 3625 University Blvd, Jacksonville, Florida 32216.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

## VANN'S PHYSICIANS ORDERED HIM TO TAKE MEDICAL LEAVE

20.     On January 2, 2020, Vann's treating physicians ordered him to take bed rest and the physician(s) ordered him to take medical leave from work until his injuries improved.

21.     Vann's physicians also ordered him to participate in a regime of weekly physical therapy treatments for his injured leg.

22.     On January 2, 2020, the Memorial Hospital medical staff informed Estes corporate office of Vann's workplace injury and of Vann's need to be temporarily (*emphasis supplied*) off of work.

## VANN TIMELY FILED A WORKPLACE ACCIDENT INJURY REPORT

23.     On January 3, 2020, Vann filed a Workman's Compensation Accident/Injury report with Estes' corporate Human Resources Office.

24.     Estes corporate officials acknowledged Estes's receipt of Vann's workplace injury as evidenced by the Estes Light Duty Employee Responsibility Letter, that is attached, referenced, and incorporated hereto as **Exhibit A**.

25.     Vann was approved for medical leave and thereafter he was paid workers compensation benefits during the time that he unable to work.

## VANN WAS RELEASED TO RETURN BACK WORK ON APRIL 8, 2020 WITH PHYSICAL WORK RESTRICTIONS AND WORK LIMITATIONS

26.     Based upon information and belief, Estes' management routinely provides administrative, clerical and office type work assignments to its Caucasian employees that

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

are injured on the job and/or those employees that are placed on work suspensions pending Estes's internal investigation(s).

27.     On April 7, 2020, Vann's treating physician(s) released Vann to return to work on April 8, 2020 with limited work restrictions.

28.     Vann was released by his physician(s) to work only (*emphasis supplied)* in limited light duty work assignments that did not require (*emphasis supplied)*, lifting walking and strenuous work efforts.

29.     Vann was prescribed medications for the severe pain and insomnia that he was experiencing, as a result of his workplace injury.

## VANN ASKED ESTES TO ALLOW HIM TO WORK IN A SUITABLE, NON-PHYSICALLY DEMANDING LIGHT DUTY JOB POSITION

30.     On April 7, 2020, Vann informed Johnson that his physician(s) had released him to return to work on "light duty" and with physical work restrictions.

31.     Vann informed Johnson that his physician(s) had ordered him not to drive and not to perform tasks until his leg injury had improved.

32.     Estes' corporate office sent Johnson a written Light Duty and Employee Responsibility letters informing him about Vann's work restrictions.

33.     John acknowledged Estes duty to comply with Vann's physicians' orders and Vann's work restrictions as evidenced by his signature on the Light Duty and Employee Responsibility letters (**Exhibit A**).

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

34.     At all material times, Vann remains capable of performing customer service job duties and administrative type job duties to include, filing, organizing, typing and Vann has computer skills.

35.     Vann informed Johnson that his workplace injuries prevented him from walking, bending, and stooping down.

36.     Vann informed Estes that he was in extreme pain that prevented him from having to walk, [and] that a light duty job assignment would prevent the further exacerbation of his workplace injury.

37.     Vann advised Johnson that he was qualified and capable to perform the office work and clerical/administrative type work duties that Estes had willingly provided to his Caucasian co-workers that had work restrictions.

## VANN NEEDED TIME TO ADJUST TO THE SIDE EFFECTS OF HIS PRESCRIBED MEDICATIONS

38.     Prior to his workplace injury, Vann drove Estes' commercial trucks during the daytime working hours from approximately (8:30 a.m. until 9:00 p.m.).

39.     Vann informed Johnson of his need to adjust to the assigned nighttime work shift because his prescribed medications caused him to be extremely sleepy/drowsy during the evening/nighttime hours.

40.     Vann implored Johnson to allow him to perform clerical/administrative job functions or a job assignment that did not require extensive walking until is physician had released him to return to work as a commercial truck driver.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

41.     When Johnson refused Vann's request(s) to work in an administrative/clerical capacity, Vann advised Johnson that he was being treated unequally in comparison to his similarly situated Caucasian co-workers/comparators.

42.     Van advised Johnson that although he was being discriminated against, he had "no other choice but to accept" the janitorial/cleaning work assignment because of his need to be gainfully employed.

## ESTES' MANAGEMENT'S FAVORITISM AND UNEQUAL TREATMENT

43.     During the time that Vann was performing Estes' assigned janitorial/cleaning work duties, he reported to Johnson that he was working in severe pain.

44.     Vann continued to implore Johnson to allow him to perform clerical/administrative job functions or a job assignment that did not require extensive walking until is physician had released him to return back to work as a commercial truck driver.

45.     Johnson refused Vann's repeated request(s) for a suitable job accommodation and Johnson ignored Vann's demands to be treated equally.

## VANN'S REQUEST FOR ONE DAY OF PERSONAL/BEREAVEMENT LEAVE

46.     At all material times, Vann was a caregiver for a close family member named JEAN HOLLIDAY ("Aunt Jean").

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

47.     On or about April 12, 2020, Vann was approved to be off of work (April 13, 2020) to grieve and cope with the sudden death of his Aunt Jean and to assist with the planning of her funeral services.

48.     Vann's absence from work on April 13, 2020 did not cause any harm or undue business hardships to Estes.

## VANN EXPERIENCED DIFFICULTIES ADJUSTING TO HIS PRESCRIBED MEDICATIONS AND NIGHTTIME WORK HOURS

49.     When Vann returned to work on April 14, 2020, he continued to remind Johnson that he needed time to adjust to the assigned nighttime work shift because his prescribed medications was causing him to be extremely sleepy/drowsy during the evening/nighttime.

50.     Vann continued to complain to Johnson that he was discriminating against him and treating him unequally because of the fact that Estes willingly assigned its Caucasian co-worker(s), that had experienced workplace injuries, the benefit of working in light duty administrative and clerical work assignments in Estes's terminal office(s).

51.     Vann also continued to complain to Johnson that it was discriminatory and unequal treatment for Estes's management to willing give Estes' Caucasian employees that had engaged in serious workplace violations the benefit of working in light duty, administrative and clerical work assignments.

## ESTES' PRETEXUAL GROUNDS TO TERMINATE VANN'S EMPLOYMENT

52.     On April 15, 2020 Vann was a few minutes late reporting to work.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

53.     At all material times, Vann's brief work tardiness did not, in anyway cause Estes any business hardships or inconveniences whatsoever, particularly as Vann was assigned to performing non-time sensitive, janitorial/cleaning work duties.

54.     Vann informed JAY GLAZE, Estes' Assistant Terminal Manager ("Glaze"-Caucasian), that he was tardy for work because of his difficulty adjusting to the prescribed medications that he was taking and because he was trying to adjust to his new night work shift.

55.     Glaze informed Vann to go home and report back to work on April 16, 2020 at 9:00 a.m.

56.     On April 16, 2020, Vann reported to work.  Vann was expecting that Estes' management was assigning him to a clerical/administrative or a non-physically demanding work assignment.

57.     On April 16, 2020, Johnson and Glaze met with Vann in Johnson's office at the Estes trucking terminal.

58.     During this meeting, Vann reiterated his concerns to Glaze and Johnson about him being forced to work in a physically demanding, non-suitable janitorial/cleaning work assignment.

59.     Vann also reiterated his concerns to Glaze and Johnson about him being unlawfully retaliated because he had filed a worker's compensation injury report and

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

because of his demands to be treated equally in comparison to his Caucasian similarly situated c-workers/comparators.

60.     When Vann demanded that Estes assign him to an accommodating/suitable light duty work assignment as ordered by his physician(s), Johnson advised Vann that his employment was terminated effective April 16, 2020 for alleged work attendance reasons.

61.     Johnson then demanded that Vann immediately leave the Estes trucking terminal.

62.     Based upon information and belief at all material times, Estes had in effect, an Employee Nepotism Policy.

63.     Based upon information and belief, Johnson in particular, hired Glaze daughter SARAH GLAZE (Caucasian) to work in administrative/clerical job position(s) in the Estes terminal office.

64.     Based upon information and belief, at all times material and during the acts alleged here, Estes had had in place, an operable (24) hour video recording surveillance systems in Estes management office(s) and throughout the Estes trucking terminal.

65.     Estes unlawful retaliation, acts, conduct of Estes managers, agents, employees, representatives, and officials as alleged herein, were retaliatory, discriminatory willful, wanton, deliberate, malicious, egregious, and outrageous.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

66.     Estes is vicariously liable for its malicious acts, retaliation, negligence, and omissions of its managers, agents, employees, and representatives, as alleged herein.

67.     All administrative conditions precedent to the filing of Estes claims have been timely performed or otherwise excused.

**COUNT I**
**UNLAWFUL EMPLOYMENT RETALIATION AND COERCION**
**WORKERS COMPENSATION RIGHTS**
**Per Se Statutory Violation**
**Florida Statute §440.205**

68.     The allegations contained in paragraphs 1-44, 51-63, and 66-67, are hereby restated and incorporated by reference with respect to Count I.

69.     Florida Statute, §440.205 states that an employer may not retaliate against an employee who files for workers compensation benefits. Florida Labor Code §440.205 states:

> "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law"

70.     Vann engaged in statutorily protected speech employment activities as recognized under the FWCA, Florida Statute, §440.205 when he filed his January 3, 2020

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

workers' compensation accident/injury reporting the workplace physical injuries that he suffered.

71.     A close temporal proximity in time exists, between Vann's filing a workers compensation accident/injury report, his exercise of his workers' compensation rights under Florida Statute, §440.205, his engagement in the statutorily protected employment speech activities as alleged herein,  and Estes' decision to terminate his employment.

72.     Estes' adverse employment actions, retaliation, and its termination of Vann's employment as alleged herein, were intentional, adverse and *pretextual* in nature.

73.     WHEREFORE, Vann seeks an award of damages against Estes under the anti-coercion and unlawful retaliation provisions of FWCA, Florida Statute, §440.205 and for all damages to which he is entitled to receive at trial, including but not limited to:

A. '   An award of back pay (with interest), including all sums of money Vann would have earned, together with such other increases to which he would be entitled, had his employment not been wrongfully terminated;

B.     An award of compensatory damages, for severe emotional distress, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss;

C.     An award of future pay;

D.     An award of reasonable attorney's fees and all costs incurred herein;

E.     An award of applicable interest on any awards allowed by law;

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

F.   Grant such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT II
### INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS
*Otis Elevator Co. v. Scott,* **503 So.2d 941, Florida Supreme Court ( (1988)**
### WORKERS COMPENSATION RETALATION
### Florida Statute, Chapter §440.205

74.   Vann realleges and incorporates by reference the allegations in paragraphs 1-44, 51-63, and 66-67 as fully set forth herein in Count II.

75.   At all material times, Estes officials, managers and agents acted intentionally or recklessly.

76.   Estes' officials, managers, and agent's intentional retaliation against Vann because of his exercise of his employment rights under the FWCA, Florida's Workers Compensation Act, Florida Statute, Chapter §440.205, and Estes' malicious retaliatory actions as alleged herein, were deliberate, reckless, and outrageous.

77.   Estes' officials, managers and agents acts as alleged herein were intentional and are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

78. Estes' officials, managers and agents acts as alleged as alleged herein were intentional and caused Vann severe emotional distress, mental anxiety which resulting in the worsening of Vann's' physical complications/injury.

79. WHEREFORE, Vann seeks an award for damages against Estes under the emotional distress damage provisions of FWCA, Florida Statute §440.205, and for all damages to which he is entitled to receive at trial, including but not limited to:

A. Grant an award of compensatory damages, for severe emotional distress, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss;

B. Grant an award of applicable interest on any awards allowed by law;

C. Grant such other and further relief as this Court deems just and appropriate under the circumstances.

## COUNT III
### INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS
### WORKERS COMPENSATION RETALIATION
### Florida Statute, Chapter §440.205

*Otis Elevator Co. v. Scott,* **503 So.2d 941, Florida Supreme Court (No. 70394.(1988),**
**Per Se Statutory Violation**

**[ Claim Against Defendant Justin Johnson In His Individual Capacity]**

80. Vann realleges and incorporates by reference the allegations in paragraphs 1-44, 51-63, and 66-67 as fully set forth herein in Count III.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

81.     Johnson intended to retaliate against Vann because he exercised his employment rights under Florida's Workers Compensation Act, Florida Statute, Chapter §440.205.

82.     Johnson's race-based discrimination, unequal treatment, retaliation, and his malicious actions as alleged herein, were deliberate, reckless, and outrageous.

83.     Johnson's acts as alleged herein were intentional and are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

84.     Johnson's intentional acts as alleged herein were intentional and caused Vann severe emotional distress, mental anxiety which resulting in Vann's physical complications.

85.     WHEREFORE, Vann seeks an award of damages against  Defendant Justin Johnson, In His Individual Capacity pursuant to the emotional distress damage provisions of the FWCA, Florida Statute, §440.205 (*Otis Elevator Co. v. Scott,* **503 So.2d 941, Florida Supreme Court (No. 70394.(1988),** and for all damages to which he is entitled to receive at trial, including but not limited to:

A.  Grant Vann an award of compensatory damages, for severe emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses;

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

B.      Grant Vann an award of applicable interest on any award(s) as allowed by law;

C.      Grant Vann such other and further relief that the Court deems just under the circumstances.

**COUNT IV**
**UNLAWFUL RETALIATION FOR RACE DISCRIMINATION**
**Section 1981**
**[Defendant Estes and Defendant Justin Johnson, In His Individual Capacity]**

86.     Vann incorporates paragraphs 1-47 and 54-67 as though the same were fully set forth herein with respect to Count IV.

87.     Under Section 1981, individuals can be held liable for race discrimination and retaliation (*Smith vs. Bray*, 681 F. 3$^d$ 888 (2012); *Staub v. Proctor Hosp.*, United States Supreme Court, 131 S. Ct. 1186, (2011).

88.     42 U.S.C. Sec. 1981 is a federal statute that protects the right of all persons to make and enforce contracts regardless of race, including the making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C. Sec. 1981(b).

89.     Estes and Johnson's acts, its race based discrimination, unequal treatment and its selective enforcement of Estes employee discipline policies, invoke one or more of the activities enumerated under Section 1981, specifically the making of contracts and the

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

equal enjoyment of all benefits, privileges, terms, and conditions of Vann's contractual relationship with Estes.

90.     Estes and Johnson's provision of giving clerical, administrative and more favorable light duty work assignments to its Caucasian employees – while denying Vann the same job positions and the benefit(s) of his Estes employment, invoke one or more of the activities enumerated under Section 1981, specifically the making of contracts and the equal enjoyment of all benefits, privileges, terms, and conditions of Vann's contractual relationship with Estes.

91.     Based upon information and belief, Estes and Johnson gave more favorable treatment to Vann's co-workers/similarly situated Caucasian employees, including but not limited to: GLEN IRLELAND, ROBERT MANNING, JOHN MYER, DAVID (Last name unknown), DWIGHT (Last name unknown), WADE YORK and PHIILLIP SAPP.

92.     Vann engaged in protected employment speech activities when he opposed Estes' and Johnson's unequal treatment and race-based discrimination as alleged herein.

93.     Vann had the right to keep and retain his employment relationship with Estes after he reasonably opposed and complained about Estes' and Johnson's race-based discrimination, nepotism, favoritism and unequal treatment as alleged herein.

94.     Vann's complaints and his manner of opposition to Estes' and Johnson's race-based discrimination, nepotism, favoritism, and unequal treatment was reasonable and made by him in good faith.

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

95.     After Vann had engaged in the protected employment activities/speech as alleged herein, Estes and Johnson unlawfully retaliated against Van and he has suffered adverse employment actions including the termination of his employment with Estes.

96.     There exists a close proximity in time and a causal link between Vann's complaint(s) that related to Estes' and Johnson's discriminatory employment practices as alleged herein, and Estes/Johnson's decision to terminate Vann's employment.

97.     WHEREFORE, Vann seeks an award of damages, attorney's fees costs and expenses against Estes and Johnson In His Individual Capacity, under the anti-provisions of Section 1918 that he is entitled to receive at trial, including:

A.     Grant Vann an award for back pay (with interest), including all sums of money Vann would have earned, together with such other increases to which he would be entitled, had his employment not been wrongfully terminated;

B.     Grant Vann an award of compensatory damages, for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary loss;

C.     Grant Vann an award of future pay;

D.     Grant Vann an award of reasonable attorney's fees and all costs incurred herein pursuant to the attorney fee/costs provisions of Section 1981;

E.     Grant Vann a jury trial;

F.     Grant Vann an award of applicable interest on any awards allowed by law;

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com

G.    Grant Vann such other and further relief as this Court deems just and appropriate under the circumstances.

## **RESERVATION OF RIGHTS**

98.    Vann reserves his right to file additional claims for damages including but not limited to claims under the Americans With Disabilities Act ("ADA")  and the Florida Civil Right Act of 19192, as amended ("FCRA") upon the U.S. Equal Employment Opportunity Commission ("EEOC") 90 Day Right To Sue Notice.

DATED: May 12, 2020.                          Respectfully submitted:

                                            **THE JONES LAW FIRM, P.A.**

                            BY:   **s/J. ERIC JONES, ESQUIRE**
                                      Florida Bar No: 0594571
                                      10752 Deerwood Park
                                      Suite 100, Waterview Office
                                      Jacksonville, FL 32256
                                      Telephone: (904) 434-7553
                                      Email: wereallycareaboutu@gmail.com
                                      Plaintiff's Trial Counsel

# EXHIBIT A

## Vann's Workplace Incident/Injury Report and Light Duty-Job Restriction Letters

*The Jones Law Firm, PA, 10752 Deerwood Parkway, Suite 100, Waterview Office, Jacksonville, FL 32256*
WeReallyCareAboutYou.Com



# LIGHT DUTY LETTER

**Employee Name:**   Marsalis Vann
**Terminal#** 045
**Estes ID#** 70498
**Date of Injury:** 01/02/2020

**Estes Associate:**

This letter is an official offer of 90 days of light duty by Estes Express Lines based on the restrictions outlined by a physician as a result of an alleged work incident.

Light duty has been approved and will be made available starting   04/08/2020   .
*Corp Safety may consider an extension on qualified circumstances and needs at the terminal.

Date Offer Made: 04/07/2020
Terminal Manager: Justin Johnson
Designated WC Processor:  Lisa Davis
Duties will include: Guard Duties, Maintenance and Cleaning
Start Date: 04/08/2020
Work Schedule:
Start Time: 9PM
End Time: 0530AM

Total Hours per Week: __40__   *Estes Waiver is to be signed for any non-worked hours during the approved light duty dates

*My responsibilities as an injured worker are as follows:*
  a. *Communicate directly with terminal manager and/or designated WC Processor (noted above),*
  b. *Attend all medical appointments,*
  c. *Immediately provide a work note to my terminal manager after every doctor appointment,*
  d. *Adhere to restrictions placed by physician both at work and away from work,*
  e. *Must have pre-approval from management for any time out of work and sign waiver accordingly.*

Furthermore, I understand Estes Attendance Policy will still apply.

__X__ YES, I do accept this offer of light duty.  I understand my claim will be reviewed after each appointment and my hourly rate may be reduced after a period of time.  Should this occur, I understand that the workers' compensation insurance administrator will compensate me for partial wage loss, if applicable.

____ NO, I do not accept this offer of light duty.  I understand that I will not be paid by Estes and may not be paid by workers' compensation.  I may ask to be paid with accrued personal or vacation time. If not eligible under FMLA, failure to report may affect your employment with Estes Express Lines.  Any questions regarding FMLA (Family Medical Leave Act) are to be directed to Estes Benefits Dept at 800 624 7881.

ELECTRONIC: If you are completing the light duty offer electronically, please type your full name below which will constitute your electronic signature that you have provided and reviewed all information documented above this signature
Full name/s/ _____   Date mm/dd/yyyy _4·8·20____

HANDWRITTEN: If you are completing the light duty offer by hand, please print and sign your full name below that you have provided and reviewed all information documented above this signature
Full name/s/ _Marsalis Vann_____   Date mm/dd/yyyy _4|8|2020__

SLH.03/21/17



# Notice of Employee Responsibility

Employee Full Name (print):   Marsalis Vann
Date of Injury:   01/02/2020
Kronos ID:   70498
Terminal #:   045
Terminal Manager:   Justin Johnson
Terminal Work Comp Processor:   Lisa Davis
Terminal Contact (2nd, 3rd shift):   Barbara Stokes

**TERMINAL IS TO GO OVER FOLLOWING RESPONSIBILITIES AND PROVIDE COPY OF THIS FORM TO EMPLOYEE.**

Employee Responsibilities:

1. Communicate with only the designated terminal contacts noted above.
2. Attend all medical appointments.  Appointments should be made around your work schedule.
3. Immediately provide a work note and job specific physical requirements form to the terminal contact after every doctor appointment until discharged from care.
4. Adhere to restrictions placed by physician both during and after work.
5. Must have pre-approval from management for any time out of work per Estes Attendance Policy.
6. Ask the contact for a waiver before you leave the premise for any non-worked hours during your work comp claim.
7. Estes pays for physical hours worked; Estes does not pay to attend doctor appointments, therapy, etc.
   If you are not protected under FMLA, failure to report to work may affect employment. For questions call Estes Benefits.
8. Light duty offers will be based on availability and restrictions outlined by approved physician along with the Physical Requirement Form stating projected full duty date.  You will be required to sign a form that you accept or decline light duty. If declined, please understand that lost wages may not be paid by Estes or Gallagher Bassett since work is available and offered.  Light duty is a temporary position while transitioning back to a full duty status.
9. If you agree to accept light duty and report immediately you may receive your full hourly rate of pay.  After two (2) weeks your claim will be reviewed for a reduction in pay if you remain in a light duty status.  The terminal contact will notify you if/when wages are reduced.
10. If you are eligible for wage loss you will be contacted by the Gallagher Bassett.  Please stay in contact with them throughout the claim with updates on medical care, work status for any questions you may have on your claim.
11. If you receive a FMLA packet from Benefits, it is imperative to return this timely as instructed.  If you are out of work, Benefits Dept will notify you what is necessary to maintain your benefits.  Please be sure to read and respond to any such correspondence.  Any questions regarding that paperwork will need to be directed to the Benefits Dept.

EMPLOYEE: This verifies that I have been given a copy of this document and understand my responsibilities in order for my claim to be processed.  Furthermore, I understand if I do not comply it may delay the processing of my claim.

| Marsalis Vann / | 04/08/2020 | 904)502-9304 |
|---|---|---|
| Employee Print Name/Signature | Date | Telephone No |

TERMINAL MANAGER/WC PROCESSOR/TERMINAL CONTACT:  This verifies that I have discussed responsibilities above, given a copy of this document to the employee.

| Justin Johnson / | 04/08/2020 | 904)384-2277 x5021 |
|---|---|---|
| Terminal Print Name/Signature | Date | Telephone No /Ext |

**\*\* THANK YOU, AND WE WISH YOU A QUICK AND SMOOTH RECOVERY! \*\***
Estes Express Lines - PO Box 25612 - Richmond VA 23260
800 624 7881 – ask for Safety Work Comp

Las 021616



CHIEF FINANCIAL OFFICER
**JIMMY PATRONIS**
STATE OF FLORIDA

Feburary 14, 2020

Marsalis Vann
7053 Shady Pine St W
Jacksonville FL 32244-4537

Re: Date of Injury 1/2/2020
Jurisdiction Claim Number (JCN) 5021684

Dear Mr. Vann:

This letter is in follow-up to our recent telephone call regarding your workers' compensation claim and summarizes important information we provided about the Florida Division of Workers' Compensation, Employee Assistance and Ombudsman Office (EAO).

EAO was created by the Florida Legislature to assist injured workers in understanding their rights and responsibilities under the Florida Workers' Compensation Law, at no cost to them.

EAO can assist you by:

- Providing information and education
- Answering questions about your claim
- Helping you resolve disputes
- Explaining the procedures for filing and assisting in the preparation of a Petition for Benefits

You may contact EAO for assistance by dialing toll free at 1-800-342-1741 or by e-mail at wceao@myfloridacfo.com. When you contact our office, please reference your JCN 5021684. EAO also offers an on-line workshop for injured workers at the following web address: http://www.myfloridacfo.com/Division/wc/Employee/default.htm

The insurance carrier for your employer is required to mail you an informational brochure within three (3) business days of receiving your notice of injury. This brochure contains important information for injured workers. If you do not receive the brochure from the insurance carrier, please call the Employee Assistance and Ombudsman Office at the toll free telephone number listed above.

In closing, we want to wish you the very best for a speedy recovery and a successful return to work.

Sincerely,

Employee Assistance and Ombudsman Office

## CERTIFICATE OF SERVICE

This is to certify that on this 12th day of May 2020, a copy of the forgoing was electronically filed on Florida's E-Portal with the Clerk of Courts, United States District Court, Middle District of Florida, Jacksonville Division.

**J. Eric Jones**
Attorney